# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| DORALL CAUSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:09-CV-258 JVB |
| ) | |
| ANTHONY SMITH, *et al*, ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Dorall Causey, a prisoner confined at the Westville Correctional Facility, filed a complaint by counsel pursuant to 42 U.S.C. § 1983, against Fort Wayne Police Officers Anthony Smith and Gary Hensler alleging that they used excessive and unnecessary force when they arrested him. Pursuant to 28 U.S.C. § 1915A(a), a court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." A court must dismiss an action against a governmental entity or officer or employee of a governmental entity if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(b). Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

According to the Complaint, the Defendants arrested Causey on September 1, 2008. Causey states that he originally fled from the officers, but "had stopped fleeing, and ceased resisting law enforcement when Defendants subjected him to force." (Complaint at 2). The Complaint states that the Defendants dragged Causey into bushes, kneed him in the solar plexis several times, kicked him in the abdomen several times, and "Defendant Smith then drew his taser, and tased the Plaintiff . .

. Plaintiff was then tased further by Smith and maced by Hensler." *Id.*. The Defendants then grabbed Causey's pinky finger and bent it backward prior to handcuffing him. The Defendants placed the handcuffs on so tightly that "it caused cuts/abrasions to his wrists and caused his wrists and hands to swell and go numb." *Id.* Finally, the Defendants maced and pepper sprayed Causey after they placed him in the squad car.

Causey brings his action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

Causey alleges that the Defendants "subjected the Plaintiff to excessive and unreasonable force in violation of the Plaintiff's Fourth and Fourteenth Amendment Rights under the United States Constitution to be free from excessive and unreasonable force." (Complaint at p. 1). "In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Conner*, 490 U.S. 386, 394 (1989). "*All* claims that law enforcement officers have used excessive force — deadly or not — in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness standard.'" *Graham*, 490 U.S. at 395 (emphasis in original). The Fourteenth Amendment's Due Process Clause protects pretrial detainees from excessive use of force, and the Eighth Amendment's Cruel and

Unusual Punishments Clause protects those convicted of crimes from excessive use of force. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979). Causey's allegations arise from an arrest or investigatory stop of a free citizen, so this Complaint must be brought pursuant to the Fourth Amendment.

"Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham*, 490 U.S. at 396, quoting *United States v. Place*, 462 U.S. 696, 703 (1983). Giving Causey the benefit of the inferences to which he is entitled at the pleadings stage, his Complaint's allegations are sufficient to state a Fourth Amendment claim upon which relief can be granted under § 1983.

For the foregoing reasons, the Court:

(1) GRANTS the Plaintiff leave to proceed against the Defendants on his Fourth Amendment excessive use of force claim; and

(2) DIRECTS the clerk to sign and seal the tendered summonses and return them to Plaintiff's counsel.

SO ORDERED on September 18, 2009.

    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT COURT
HAMMOND DIVISION